**ALD-197 and ALD-198**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 17-1436
———————

In re:   STEVEN A. JOHNSON,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the United States
District Court for the Middle District of Pennsylvania
(Related to Civ. Nos. 1-16-cv-00162, 1-16-cv-00973, 1-16-cv-01044, 1-16-cv-01322,
1-16-cv-01776)
_____


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 17-1437
———————

In re:   STEVEN A. JOHNSON,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the United States
District Court for the Middle District of Pennsylvania
(Related to Civ. Nos. 1-16-cv-00261, 1-16-cv-02168, 1-16-cv-02317)
_____


Submitted Pursuant to Rule 21, Fed. R. App. P.
April 20, 2017

Before: McKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 1, 2017)
_____

OPINION*
_____

PER CURIAM

Steven A. Johnson is a federal prisoner. In a little over a year, Johnson has filed ten petitions for federal habeas corpus relief—eight petitions in the District Court and two that he filed in other venues that were later transferred to the District Court. Johnson claims that the District Court has yet to rule on the lion's share of his filings in those ten cases, and has now filed two petitions for writs of mandamus forcing the District Court to do so.[1] We will deny his requests.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See <u>Kerr v. U.S. Dist. Court</u>, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," and that "the right to

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The two mandamus petitions are materially identical, so we will not distinguish between them in this opinion.

2

issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

We may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," id. at 79, but "[i]t is not for us to micro-manage the district court's docket," Lacey v. Cessna Aircraft Co., 932 F.2d 170, 178 (3d Cir. 1991). Johnson's mandamus petitions here claim that the District Court has refused to exercise its jurisdiction over his cases by refusing to rule on the vast majority of his numerous filings. Our review of the District Court's docket, however, reveals precisely the opposite.

The District Court dismissed Johnson's first habeas petition and denied a motion for a preliminary injunction that he filed in that case. See Johnson v. Warden Lewisburg USP, Civ. A. No. 1:16-cv-00013 (M.D. Pa. Jan. 20, 2016). The District Court dismissed Johnson's second habeas petition, but, after Johnson moved for reconsideration, the District Court promptly vacated its dismissal order and ordered the Government to respond to Johnson's habeas petition. See Johnson v. Warden Lewisburg USP, Civ. A. No. 1:16-cv-00162 (M.D. Pa. Mar. 8, 2016).[2] The District Court has already dismissed Johnson's third habeas petition, see Johnson v. Ebbert, Civ. A. No. 1:16-cv-00305 (M.D. Pa. Mar. 8, 2016), aff'd, C.A. No. 16-3046, and his fourth habeas petition, see Johnson v. Weber, Civ. A. No. 1:16-cv-00973 (M.D. Pa. June 29, 2016). Moreover, after the

---

[2] We denied Johnson's request for a writ of mandamus forcing the District Court to rule

District Court's dismissal order in the fourth case was vacated, the District Court ordered the Government to respond to Johnson's claims. See id. (Dec. 12, 2016). The District Court has dismissed Johnson's fifth habeas petition, see Johnson v. Warden, Civ. A. No. 1:16-cv-01044 (M.D. Pa. Nov. 30, 2016), and though his motions to reconsider that decision and to alter the District Court's judgment are still pending, he did not file them until December 2016. The District Court has ordered the Government to respond to the allegations Johnson raised in his sixth and seventh habeas petitions, see Johnson v. Warden, USP Lee County, Civ. A. No. 1:16-cv-01322 (M.D. Pa. July 14, 2016); Johnson v. Ebbert, Civ. A. No. 1:16-cv-01776 (M.D. Pa. Oct. 5, 2016), and the District Court has already transferred the eighth petition to the appropriate venue, see Johnson v. Michigan, Civ. A. No. 1:16-cv-01830 (M.D. Pa. Sep. 7, 2016). Finally, the District Court has dismissed Johnson's ninth and tenth habeas petitions. See Johnson v. Ebbert, Civ. A. No. 1:16-cv-02168 (M.D. Pa. Nov. 21, 2016); Johnson v. Warden USP Canaan, Civ. A. No. 1:17-cv-00261 (M.D. Pa. April 13, 2017).

In short, the District Court is actively exercising its jurisdiction over Johnson's numerous cases, and we decline his invitation to micro-manage the court's docket. Lacey, 932 F.2d at 178. To the extent that Johnson claims the District Court has unduly delayed its rulings on any of his numerous filings, our review of the District Court's docket reveals no extraordinary delay. Indeed, we very recently rejected Johnson's

on his habeas petition in that case. See C.A. No. 16-4235.

4

request for a writ of mandamus to force the District Court to rule on Johnson's second habeas petition—the longest-pending filing in any of Johnson's ten cases. See C.A. No. 16-4235. We are confident that the District Court will continue to adjudicate Johnson's flood of filings in a timely fashion.

For these reasons, we will deny Johnson's mandamus petitions.[3]

---

[3] We grant Johnson's requests to have the prison account statement filed in No. 16-4235 filed in these cases, to proceed in forma pauperis, and to be excused from the service requirements of Fed. R. App. P. 21(a)(1).